IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:24-cv-00173-MR

| | |
|---|---|
| RICKEY BRIGHT, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> ) <br> LESLIE COOLEY DISMUKES[1], ) <br> Secretary, North Carolina ) <br> Department of Adult Correction, ) <br> ) <br> Respondent. ) <br> _____ ) | **MEMORANDUM OF** <br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus filed by the Petitioner pursuant to 28 U.S.C. § 2254 on February 13, 2024. [Doc. 1]. Also before the Court is the Petitioner's Motion to Proceed *in Forma Pauperis*, filed on February 13, 2024. [Doc. 2].

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. In North Carolina, the Secretary of the Department of Adult Correction is the custodian of all state inmates. N.C. Gen. Stat. § 148-4 (2023). Accordingly, Leslie Cooley Dismukes, the current Secretary of the North Carolina Department of Adult Correction ("NCDAC"), is now the proper Respondent.

## I. BACKGROUND

Rickey Bright (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted of second-degree kidnapping and assault with intent to commit rape in Gaston County Superior Court on September 21, 1979. [Doc. 1 at 1]. The Petitioner was sentenced to life imprisonment for the kidnapping conviction and a concurrent fifteen years of imprisonment for the assault with intent to commit rape conviction.[2] [Id.]. The Petitioner appealed his convictions and sentences directly to the North Carolina Supreme Court[3] on multiple grounds. Finding no error, the North Carolina Supreme Court affirmed Petitioner's convictions and sentences in an opinion issued on November 4, 1980. State v. Bright, 301 N.C. 243, 271 S.E.2d 368 (1980).

At some unknown time, according to Petitioner, he filed a Motion for Appropriate Relief in the Gaston County Superior Court raising claims of

---

[2] See also https://webapps.doc.state.nc.us/opi/viewoffender.do?method=view&offenderID=0045306&searchLastName=Bright&searchFirstName=Ricky&searchDOBRange=0&listurl=pagelistoffendersearchresults&listpage=1 (last accessed July 30, 2025) (the North Carolina Department of Adult Correction database showing Petitioner's state custodial history); Fed. R. Evid. 201.

[3] At the time Petitioner committed his kidnapping offense, North Carolina law permitted the direct appeal of a life sentence to the North Carolina Supreme Court. "From a judgment of a superior court which includes a sentence of death or imprisonment for life, unless the judgment was based on a plea of guilty or nolo contendere, appeal lies of right directly to the Supreme Court." N.C. Gen. Stat. § 7A-27(a) (eff. 1977); State v. Ferrell, 300 N.C. 157, 265 S.E.2d 210 (1980).

2

Case 3:24-cv-00173-MR   Document 6   Filed 08/11/25   Page 2 of 7

"ineffective assistance, newly discovered evidence, and other I can no longer remember." [Doc. 1 at 3]. Petitioner indicates his MAR was thereafter denied. [Id.]. On January 2, 2024, the Petitioner filed an application for writ of habeas corpus in the North Carolina Supreme Court. [Doc. 1-1 at pp. 2-10]. The North Carolina Supreme Court denied the Petitioner's application on January 8, 2024. [Id. at 1].

On February 13, 2024, the Petitioner filed the instant Petition for Writ of Habeas Corpus in this Court. [Doc. 1]. The Petitioner seeks to challenge his sentence of life imprisonment for his 1979 conviction of second-degree kidnapping. [Id. at 1, 13-14].

## II. DISCUSSION

### A. Initial Review of § 2254 Petition

In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is entitled to no relief. Rule 4, 28 U.S.C.A. foll. § 2254. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings is expressly limited. Under the AEDPA, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall

move in the appropriate court of appeals for an order authorizing the district court to consider the application." See 28 U.S.C. § 2244(b)(3)(A). Failure to obtain authorization from the appellate court deprives the district court of jurisdiction to consider the petitioner's successive petition. Burton v. Stewart, 549 U.S. 147, 153 (2007).

Question 14 on Petitioner's instant habeas form asks whether he has "previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition." In response to that question, Petitioner checked the "No" box attesting that he has not filed a previous petition challenging his 1979 Gaston County case. [Doc. 1 at 12]. Contrary to Petitioner's assertion, on June 10, 2003, the Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. Bright v. Boyette, Case Number 3:03-cv-00307-GCM, Doc. 1. In his 2003 petition, Petitioner challenged the same Gaston County judgment he seeks to challenge in this matter. [Id.]. The Court dismissed Petitioner's 2003 habeas action by order entered September 12, 2003. Case Number 3:03-cv-00307-GCM, Doc. 3.

The instant § 2254 petition is another attempt by the Petitioner to challenge his Gaston County judgment. The Petitioner has not shown that he obtained authorization from the appellate court prior to filing his

successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). The pending § 2254 petition is an unauthorized successive petition, and this Court is without jurisdiction to review the merits of the petition.[4]

**B.    Motion to Proceed *In Forma Pauperis***

The Petitioner moves this Court for an application to proceed *in forma pauperis*. [Doc. 2]. Rule 3(a) of the Rules Governing Section 2254 Cases requires that a petition be accompanied by the applicable filing fee or motion for leave to proceed *in forma pauperis*. Federal courts may excuse the required fees if the litigant demonstrates that he cannot afford to pay. 28 U.S.C. § 1915(a)(1).

The required filing fee for the § 2254 petition is $5.00. The Petitioner's application shows that he has no monthly expenses and no assets. [Doc. 2]. The Petitioner indicates that he has weekly income of $7.00 and occasionally receives money from his brother. [Doc. 3 (sealed)]. As such, the Court finds that the Petitioner has adequate resources to pay the required $5.00 filing fee. Therefore, the Court will deny the Petitioner's motion and order him to pay the $5.00 filing fee within thirty (30) days of this Order.

---

[4] In addition to being an unauthorized successive petition, the § 2254 petition is also subject to dismissal as untimely filed under 28 U.S.C. § 2244(d)(1).

## III. CONCLUSION

For the reasons stated herein, the Petitioner is entitled to no relief. The § 2254 petition shall be dismissed as an unauthorized successive petition.

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (noting that, in order to satisfy § 2253(c), a prisoner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that, when relief is denied on procedural grounds, a prisoner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** as an unauthorized successive petition under 28 U.S.C. § 2244(b)(3).

2. The Petitioner's Motion to Proceed *In Forma Pauperis* [Doc. 2] is **DENIED**. The Petitioner shall pay the required $5.00 filing fee within thirty (30) days of the entry of this Order.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability.

4. The Clerk of Court is respectfully directed to substitute Leslie Cooley Dismukes, Secretary of the North Carolina Department of Adult Correction, as the proper Respondent in this action.

**IT IS SO ORDERED.**

Signed: August 11, 2025

Martin Reidinger
Chief United States District Judge